IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CUTTING EDGE TREE** | : | |
| **PROFESSIONALS, LLC,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **STATE FARM FIRE CLAIMS COMPANY** | : | |
| and **APRIL GRANT,** | : | |
| *Defendants*. | : | NO. 23-cv-3197 |

**MEMORANDUM**

**KENNEY, J.**                                                                                          **September 12, 2023**

Plaintiff Cutting Edge Tree Professionals, LLC ("Plaintiff") brings this suit asserting breach of contract and bad faith insurance practices under 42 Pa. C.S. § 8371 against Defendant State Farm Fire and Casualty Company, incorrectly named in the Complaint as State Farm Fire Claims Company ("Defendant State Farm"), and negligence against Defendant April Grant ("Defendant Grant"). Presently before this Court is Plaintiff's Motion to Remand and for Costs, Attorney's Fees, and Sanctions Pursuant to 28 U.S.C. § 1447(c) (ECF No. 6), to which Defendants filed a Response in Opposition (ECF No. 11). For the reasons set forth below, Plaintiff's Motion (ECF No. 6) will be denied. An appropriate Order will follow.

**I.     Background and Procedural History**

On April 1, 2022, Paul and Donna Kline ("Insured"), had a large tree fall on their garage in Bellefonte, Pennsylvania. ECF No. 1 ¶ 22. On or about April 1, 2022, Insured contracted with Plaintiff to perform an emergency tree removal. *Id.* The Contract between the Insured and Plaintiff "specifically contained an Irrevocable Assignment of Benefits with a Directive to Pay within the Contract, for this claim regarding the expense of the hazardous tree removal claim and reimbursement from the [Insured's] policy." ECF No. 11-1 ¶ 9. On or about April 8, 2022, Plaintiff

prepared and sent an itemized invoice in the amount of $26,400 to Defendant State Farm via its agent, Defendant Grant. *Id*. ¶ 13. No payment or response from Defendants was received. *Id*. ¶ 14. Plaintiff contacted Defendant State Farm via Defendant Grant several times. *Id*. ¶¶ 15–22, 25–32. However, no payment was made to Plaintiff; rather, Defendant Grant informed Plaintiff that "the bill was paid." *Id*. ¶¶ 14, 21. Plaintiff informed Insured of Defendant Grant's statements, and sometime thereafter the Insured supplied a check to Plaintiff in the amount of $8,463.45, substantially less than the invoiced amount. *Id*. ¶ 23. Plaintiff continued attempting to contact Defendants in an effort to resolve the matter but was unsuccessful. *Id*. ¶¶ 25–32.

Plaintiff instituted this action in the Court of Common Pleas of Delaware County, Pennsylvania on May 3, 2023. ECF No. 1 ¶ 2. On August 18, 2023, Defendant filed a Notice of Removal to the United States Eastern District Court alleging removal was proper pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(a). ECF No. 1. Defendants contend in their Notice of Removal that Defendant State Farm was a citizen of Illinois because Defendant State Farm is incorporated in Illinois and maintained its principal place of business in Illinois at the time the Complaint was filed. *Id*. ¶ 12. Defendants also contended that Defendant Grant was a citizen of Texas and that Plaintiff was a citizen of Pennsylvania at the time the Complaint was filed. *Id*. ¶¶ 11, 13. In Count I Plaintiff demands damages of $17,936.55, in Count II Plaintiff demands damages of $250,000, and in Count III Plaintiff demands damages of $17,936.55, meeting the amount in controversy for jurisdiction under 28 U.S.C. § 1332. *Id*. ¶ 27.

On August 22, 2023, Plaintiff filed the instant Motion to Remand and for Costs, Attorney's Fees, and Sanctions Pursuant to 28 U.S.C. § 1447(c) alleging that complete diversity required for jurisdiction under 28 U.S.C. § 1332 is not met, and therefore, the matter must be remanded to the Court of Common Pleas of Delaware County. ECF No. 6. On September 5, 2023, Defendants filed

a Response in Opposition. ECF No. 11.

**II.     Legal Standard**

"A civil action brought in state court may be removed by the defendant to federal district court if the federal court would have had original jurisdiction over the claim." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing 28 U.S.C. § 1441(a)). Section "1441 is to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (internal citation omitted). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Id.* "When assessing a motion to remand for lack of subject matter jurisdiction, 'all doubts [should be] resolved in favor of remand.'" *Andrews v. Nike, Inc.*, No. 21-2793, 2021 WL 5042460, at *1 (E.D. Pa. Oct. 29, 2021) (quoting *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996)).

Pursuant to 28 U.S.C. § 1332(a), a federal court has subject matter jurisdiction over a matter if the parties are citizens of different states and the amount in controversy exceeds $75,000. Under § 1332(c)(1) a corporation is generally a citizen of its state of incorporation and principal place of business. In limited instances, where there is a "direct action" against the insurer, the insurer may be considered to be a citizen of the state in which the insured is a citizen. 28 U.S.C. § 1332(c)(1)(A).

A direct action "does not exist 'unless the cause of action against the insurance company is of such nature that the liability sought to be imposed could be imposed against the insured.'" *McGlinchy v. Hartford Acc. & Indem. Co.*, 866 F.2d 651, 653 (3d Cir. 1989) (quoting *Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (1988)). "A true 'direct action' suit is '[a] lawsuit by a person claiming against an insured but suing the insurer directly instead of pursuing compensation

indirectly through the insured.'" *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 143 n.2 (2009) (citation omitted). "Thus, suits [based] on the insurance contract, or for improper handling of claims, are not the kind of 'direct action' contemplated by 1332(c)(1)." *Blair v. Protective Nat'l Ins. Co. of Omaha*, No. 96-8438, 1997 WL 288574, at *2 (E.D. Pa. May 21, 1997).

**III.   Discussion**

Here, the parties do not dispute that the amount in controversy exceeds $75,000, but they disagree about whether they are of diverse citizenship. As described *supra*, Plaintiff filed this action in the Court of Common Pleas of Delaware County. ECF No. 1 ¶ 1. Plaintiff is a citizen of Pennsylvania (all members are citizens of Pennsylvania), Defendant State Farm is a citizen of Illinois (place of incorporation and principal place of business are in Illinois), and Defendant Grant is a citizen of Texas. *Id.* ¶¶ 11–13.

Plaintiff claims that pursuant to 28 U.S.C. § 1332(c)(1)(A) Defendant State Farm assumes the citizenship of the Insured when, as here, the insured are not a named defendant. ECF 6 ¶ 12. Thus, Plaintiff argues that Defendant State Farm is a citizen of Pennsylvania,[1] and therefore, diversity of citizenship is destroyed. *Id.* ¶ 13. Defendant State Farm argues that Plaintiff has not filed a "direct action," and therefore, it remains a citizen of Illinois, and there is diversity of citizenship. ECF 11 at 10.

Plaintiff's causes of action consist of (1) breach of contract (against Defendant State Farm),

---

[1] Plaintiff cites to *Mallory v. Norfolk Southern Railway Co.*, 143 S. Ct. 2028 (2023), *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982), and *Pennsylvania Fire Ins. Co. of Philadelphia v. Gold Issue Mining & Milling Co.*, 243 U.S. 93 (1917) as controlling precedent and support for its argument that the case should be remanded. However, *Mallory*, *Ins. Corp. of Ireland*, and *Pennsylvania Fire Ins. Co. of Philadelphia* do not apply to the instant Motion because they are each about personal jurisdiction. Removal and remand put subject matter jurisdiction at issue, not personal jurisdiction.

(2) bad faith pursuant to 42 Pa. C.S. § 8371 (against Defendant State Farm), and (3) negligence (against Defendant Grant). None of these claims are considered a "direct action" because Plaintiff cannot assert these claims against the Insured. *See McGlinchy*, 866 F.2d at 653. For example, in *Meyers v. State Farm Ins. Co.*, the Third Circuit affirmed that a suit brought in response to the insurer's failure to settle within policy limits was not a "direct action" because the insurer was not being sued as a "'payor of a judgment based on the negligence of one of its insureds.'" 842 F.2d 705, 707 (3d Cir. 1988) (citations omitted). Similarly, here, Plaintiff's claims are based on Defendants' failures. Plaintiff cannot assert these claims against the Insured. Consequently, the claims cannot be considered "direct actions," and therefore, Defendant State Farm retains its Illinois citizenship and diversity of citizenship is not destroyed.[2]

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand and for Costs, Attorney's Fees, and Sanctions Pursuant to 28 U.S.C. § 1447(c) (ECF No. 6) will be denied. An appropriate Order follows.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**

---

[2] The Court has rejected Plaintiff's argument for remand. Therefore, the Court need not address Plaintiff's arguments regarding costs, attorney's fees and sanctions pursuant to 28 U.S.C. § 1447(c).