**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CUTTING EDGE TREE PROFESSIONALS, LLC,** *Plaintiff*, | : | **CIVIL ACTION** |
| **v.** | : | |
| **STATE FARM FIRE CLAIMS COMPANY and APRIL GRANT,** *Defendants*. | : | **No. 23-cv-3197** |

## MEMORANDUM

**KENNEY, J.** **January 4, 2024**

Plaintiff Cutting Edge Tree Professionals, LLC ("Plaintiff") brings this suit asserting the following three counts: (1) breach of contract and breach of good faith and fair dealing against Defendant State Farm Fire and Casualty Company, incorrectly named in the Complaint as State Farm Fire Claims Company ("Defendant State Farm"); (2) bad faith insurance practices under 42 Pa. C.S. § 8371 against Defendant State Farm; and (3) negligence against Defendant April Grant ("Defendant Grant"). Presently before this Court is Defendants' Motion to Dismiss and/or Strike Plaintiff's Complaint (ECF No. 15), which has been fully briefed. *See* ECF Nos. 16, 17. For the reasons set forth below, the Court will grant in part and deny in part Defendants' Motion (ECF No. 15). An appropriate Order will follow.

## I. BACKGROUND AND PROCEDURAL HISTORY

On April 1, 2022, Paul and Donna Kline (collectively "Insured"), had a large tree fall on their garage in Bellefonte, Pennsylvania. ECF No. 1 ¶ 22. On or about April 1, 2022, the Insured contracted with Plaintiff to perform an emergency tree removal. *Id.* The contract between the Insured and Plaintiff "specifically contained an Irrevocable Assignment of Benefits with a

Directive to Pay within the Contract, for this claim regarding the expense of the hazardous tree removal claim and reimbursement from the [Insured's] policy." ECF No. 11-1 ¶ 9.

On or about April 8, 2022, Plaintiff prepared and sent an itemized invoice in the amount of $26,400 to Defendant State Farm via its agent, Defendant Grant. *Id.* ¶ 13. No payment or response from Defendants was received. *Id.* ¶ 14. Plaintiff contacted Defendant State Farm via Defendant Grant several times. *Id.* ¶¶ 15–22, 25–32. However, no payment was made to Plaintiff; rather, Defendant Grant informed Plaintiff that "the bill was paid." *Id.* ¶¶ 14, 21. Plaintiff informed the Insured of Defendant Grant's statements, and sometime thereafter the Insured supplied a check to Plaintiff in the amount of $8,463.45, substantially less than the invoiced amount. *Id.* ¶ 23. Plaintiff continued attempting to contact Defendants in an effort to resolve the matter but was unsuccessful. *Id.* ¶¶ 25–32.

Plaintiff instituted this action in the Court of Common Pleas of Delaware County, Pennsylvania on May 3, 2023. ECF No. 1 ¶ 2. In Count I, Plaintiff alleges breach of contract and breach of good faith and fair dealing against Defendant State Farm; in Count II, Plaintiff alleges bad faith insurance practices under 42 Pa. C.S. § 8371 against Defendant State Farm; and in Count III, Plaintiff alleges negligence against Defendant Grant.

On August 18, 2023, Defendants filed a Notice of Removal to the United States District Court for the Eastern District of Pennsylvania alleging that removal was proper pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(a). ECF No. 1. Plaintiff moved to remand, but the Court denied Plaintiff's Motion. ECF Nos. 12, 13. On September 28, 2023, Defendants filed the instant Motion to Dismiss and/or Strike Plaintiff's Complaint (ECF No. 15), to which Plaintiff filed a Response in Opposition on October 2, 2023 (ECF No. 16) and Defendants filed a Reply on October 9, 2023 (ECF No. 17). Accordingly, Defendants' Motion is ripe for consideration.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint or a portion of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). The Court will grant a motion to dismiss if the factual allegations do not "raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)) (internal quotation marks omitted). A complaint is plausible on its face when the plaintiff pleads a factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts are required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint will not survive if it contains merely "an unadorned, the defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) or "'naked assertion[s]' devoid of 'further factual enhancement,'" *id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

In accordance with this standard, the Third Circuit requires the application of a three-step analysis in assessing a 12(b)(6) motion. First, courts "must 'tak[e] note of the elements [that the] plaintiff must plead to state a claim'"; second, courts "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth'"; and, third, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675). The Court permits "a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

## III. DISCUSSION

### A. Plaintiff's Breach of Contract Claim (Count I) Is Time Barred

Defendants assert that Plaintiff's breach of contract claim is barred by a provision in the insurance policy which states: "Any action by any party must be started within one year after the date of loss or damage."[1] ECF No. 15, Ex. B at 41. For the reasons explained below, this Court agrees that Count I of Plaintiff's Complaint is time barred.[2]

---

[1] Although the insurance policy was not attached to the Complaint, the insurance policy is integral to and explicitly relied upon in the Complaint. *See generally* Complaint, ECF No. 1-4. The Third Circuit has consistently held that the court may consider an insurance policy in deciding a motion to dismiss when it is integral to or explicitly relied upon in the complaint. *See Borough of Moosic v. Darwin Nat'l Assur. Co.*, 556 F. App'x 92, 95 (3d Cir. 2014) (finding the court could consider the insurance policy attached to the motion to dismiss because it was "integral to or explicitly relied upon in the complaint"); *see also Leboon v. Zurich Am. Ins. Co.*, 673 F. App'x 173, 176 (3d Cir. 2016) (affirming the district court's reliance on the terms of the liability insurance in deciding the motion to dismiss), *Roy v. Travelers Ins.*, 579 F. App'x 94, 95 n.3 (3d Cir. 2014) (noting the plaintiff was "on notice of the contents of this insurance policy, and indeed relied on it as the basis of his complaint"). Accordingly, this Court will consider the insurance policy in deciding this Motion.

[2] Because this Court finds that Count I is barred by the insurance policy's one-year limitation period, the Court declines to address Defendants' remaining arguments as to this Count.

Generally, a time bar in an insurance policy is enforceable. *Aspen Specialty Ins. Co. v. RCI Hosp. Holdings, Inc.*, No. 23-2354, 2023 WL 6279357, at *2 (Sept. 26, 2023) (quoting *Gen. State. Auth. v. Planet Ins. Co.*, 346 A.2d 265, 267 (Pa. 1975) ("The law is clear that such a clause, setting [a twelve month] time limit[] upon the commencement of suits to recover on a policy is valid and will be sustained.")). "Pennsylvania courts have consistently held that contractual one-year suit limitations in insurance policies are valid and enforceable." *Davis v. Safeco Ins. Co. of Illinois*, No. CV 19-3871, 2021 WL 3603037, at *3 (E.D. Pa. Aug. 13, 2021) (collecting cases). "However, [w]here the insurer has by its actions led a policyholder to believe that the one-year bar will not be asserted, traditional concepts of waiver or estoppel can be applied to excuse an otherwise untimely lawsuit." *Pecko v. Allstate Ins. Co.*, No. CV 16-1988, 2016 WL 6614191, at *2 (E.D. Pa. Nov. 9, 2016) (internal quotation marks and citation omitted). "A plaintiff claiming the benefits of waiver or estoppel must establish a factual basis to assert the defense of waiver or estoppel" and therefore, "must present reasonable grounds for believing that the time limit would be extended or that the insurer would not strictly enforce the suit limitation provision." *Id.* (internal quotation marks and citations omitted).

Here, the policy provides: "No action will be brought against ***us*** unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage." ECF No. 15, Ex. B (emphasis in original). Defendants allege, and Plaintiff does not contest, that the date of loss or damage occurred on April 1, 2022 when the tree fell on the roof of the Insured's garage and Plaintiff contracted with Insureds to remove the tree. ECF No. 15 ¶¶ 6, 11. The Complaint was filed May 3, 2023, over twelve months after the date of loss or damage. ECF No. 1, Exhibit B. Thus, the claim is untimely.

Plaintiff makes numerous arguments as to why the time bar should not be enforced. First, Plaintiff argues that the time bar should not be enforced because "[n]o prejudice for a slight delay in filing is alleged by Defendant State Farm, and there is no actual or apparent prejudice to Defendant in allowing the Breach of Contract action to proceed." ECF No. 16 at 3. This argument is unconvincing as case law has held that an insurance provider is not required to show prejudice to enforce a suit limitation clause. *See, e.g.*, *Mail Quip, Inc. v. Allstate Ins. Co.*, 388 F. Supp. 3d 433, 439–40 (E.D. Pa. 2019) (explaining "an insurance provider is not required to show prejudice to enforce a suit limitation clause"); *Int'l Mgmt. Consultants, Inc. v. Cont'l Cas. Co.*, No. CV 14-4924, 2016 WL 1535705, at *2 (E.D. Pa. Apr. 14, 2016) (noting that "unlike an insurer's invocation of a notice of loss provision, the insurer need not show prejudice in order to bar a suit based on a limitation of suit clause").

Second, Plaintiff argues that "Defendant State Farm should be estopped from enforcing its contractual limitation to suit provision, as its application would be unreasonable." ECF No. 16 at 4. "[T]raditional concepts of waiver or estoppel can be applied to excuse an otherwise untimely lawsuit." *Pecko v. Allstate Ins. Co.*, No. 16-cv-1988, 2016 WL 6614191, at *2 (E.D. Pa. Nov. 9, 2016) (internal quotation marks and citation omitted). "Waiver arises either by express declaration or else by conduct so inconsistent with the defense that there is no reasonable ground to infer that the insurer relies on the suit limitation defense." *Williams v. Allstate Vehicle & Prop. Ins. Co.*, No. 18-cv-0675, 2018 WL 4100681, at *5 (E.D. Pa. Aug. 27, 2018) (citation omitted). "Equitable estoppel applies when a party justifiably relies to its detriment on another's promise implied by . . . words, deeds or representations." *Pecko*, 2016 WL 6614191, at *2 (internal quotation marks and citations omitted). "A plaintiff claiming the benefits of waiver or estoppel must establish a factual basis to assert the defense of waiver or estoppel," meaning that the plaintiff "must present

reasonable grounds for believing that the time limit would be extended or that the insurer would not strictly enforce the suit limitation provision." *Id.* (internal quotations and citations omitted). Here, Plaintiff has not put forth any evidence that Defendant State Farm made any statement to Plaintiff or the Insured that it would not rely on the suit limitations provision, nor did State Farm show any intention through its conduct that it would not enforce the provision. Accordingly, Plaintiff has not established any factual basis to assert the defense of waiver or estoppel, and thus, this argument fails.

Third, Plaintiff argues that the suit limitation should not apply because State Farm "failed to comply with 31 Pa. Code Section 146.1 *et seq.*" ECF No. 16 at 4. Plaintiff argues that 31 Pa. Code § 146.7(e) "requires that insurers provide a written notice of the applicability and possible expiration of all applicable statute of limitations or contractual time limit, and must provide thirty (30) days written notice to first-party claimants when unrepresented by counsel, and sixty (60) days written notice to unrepresented third-party claimants." *Id.* However, this provision is plainly inapplicable when a plaintiff is represented by counsel, as is the case here. By way of example, attached as exhibits to Plaintiff's Complaint are correspondence from Plaintiff's attorney to State Farm dated October 19, 2022 and October 27, 2022, whereby counsel for Plaintiff advised Defendant that it had until October 31, 2022 to change course or Plaintiff would file suit. Thus, there is no evidence that State Farm violated 31 Pa. Code § 146.7(e).

Fourth, Plaintiff argues that the suit limitation should not be enforced because Defendant State Farm never informed the Plaintiff of the suit limitation and State Farm should not be permitted to benefit from its bad faith. ECF No. 16 at 4. However, "cases teach that bad faith insurance practices which do not include acts of misleading the insured as to the applicability of the contractual limitations period or causing intentional delays to avoid coverage do not preclude

an insurance company from raising a suit limitations clause as a defense." *Palmisano v. State Farm Fire & Cas. Co.*, No. 12-cv-886, 2012 WL 3595276, at *10 (W.D. Pa. Aug. 20, 2012) (citations omitted). Accordingly, this argument is also unconvincing.

For these reasons, the Court finds that the breach of contract claim is untimely and will therefore dismiss Plaintiff's breach of contract claim with prejudice.

**B. Plaintiff Has Standing to Assert its Bad Faith Claim (Count II)**

Defendants argue that Plaintiff lacks standing to assert its bad faith claim and therefore, the claim must be dismissed with prejudice. Plaintiff responds that "by virtue of the Assignment of Benefits and contract for services between the Plaintiff and the non-party insured of Defendant State Farm, the Plaintiff is both a judgment creditor of the insured (i.e., possessing a legal right to seek/enforce a judgment for a specific amount of money) and by logical extension, an injured plaintiff (i.e., Plaintiff Cutting Edge, not the insured homeowner, has suffered the recoverable loss), which is made abundantly clear within the Complaint." ECF No. 16 at 9.

Pursuant to 42 Pa. C.S. § 8371 a court may award interest, punitive damages, costs and attorney's fees, "if the court finds that the insurer has acted in bad faith toward the insured." 42 Pa. C.S. § 8371. The Pennsylvania Supreme Court has explained that Section 8371 "only permits a narrow class of plaintiffs to pursue the bad faith claim against a narrow class of defendants." *Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 882 (Pa. 2007). Specifically, in *Allstate Prop. & Cas. Ins. Co. v. Wolf*e, the Pennsylvania Supreme Court held that "the entitlement to assert damages under § 8371 may be assigned by an insured to an injured plaintiff and a judgment creditor." 105 A.3d 1181, 1188 (Pa. 2014).

Defendants rely on *Williams v. State Farm*, No. 5:21-CV-00058, 2021 WL 2661615, at *4 (E.D. Pa. June 29, 2021) in support of their position that the bad faith claim should be dismissed

because Plaintiff is neither an injured plaintiff nor a judgment creditor. ECF No. 15 at 7–8. However, that case is distinguishable. There, the plaintiff merely purchased an assignment of proceeds from a property owner who suffered property damage and was thus not the owner of the property when the property was damaged and was not injured as part of the underlying insurance claim. *Id.* at *3–4.

By contrast, the situation presented in this case is almost identical to the facts of the case *Royal Water Damage Restoration, Inc. v. Allstate Vehicle and Prop. Ins. Co.*, No. 21-5251, 2022 WL 2985637 (E.D. Pa. July 28, 2022). There, the insured's home was damaged by flooding, and the insured assigned all her rights to Royal Water Damage Restoration Inc. which performed restorative services. *Id.* at *1. Royal Water claimed that defendant underpaid them for their work and brought a bad faith claim under 42 Pa. C.S. § 8371. *Id.* Similarly, defendant moved to dismiss claiming that Royal Water lacked standing. *Id.* The court disagreed, instead finding that Royal Water may be both an injured plaintiff and a judgment creditor. *Id.* at *3. First, Royal Water was an "injured plaintiff" because it was attempting to recover expenses incurred due to loss at the insured's property after performing restorative services. *Id.* Second, Royal Water was a "judgment creditor" because of the assignment between Royal Water and the insured, and the fact that Royal Water forwarded invoices directly to the insurance adjuster for payment. *Id.*

Here, like in *Royal Water*, the allegations in the Complaint, taken in the light most favorable to the Plaintiff, sufficiently allow for the inference that Plaintiff is both an injured plaintiff and a judgment creditor. Under a reasonable expectation that it would be paid from the insurance proceeds, Plaintiff undertook its tree removal services at the Insured premises. In lieu of direct payment for these services, the Insured assigned their rights under the relevant insurance policy to

Plaintiff. Under these circumstances, Plaintiff is an "injured plaintiff" attempting to recover expenses incurred due to a loss at the Insured's property.

Moreover, even if the property owner is deemed to be the only party actually injured by the loss, Plaintiff could potentially be a "judgment creditor." Under the Assignment of Benefit, Plaintiff contracted to perform the tree removal and in return, the Insured agreed to "assign the rights, benefits, and remedies available to the" Insured. ECF No. 15-3 at 18. The Insured agreed that they would remain personally liable for all amounts charged under the contract until such amounts were paid in full. As recognized by the court in *Royal Water*," [i]t would make little sense to now require Plaintiff to file a lawsuit and obtain a judgment against [the Insured] for the unpaid amounts simply to create standing for Plaintiff to pursue its bad faith claims against Defendants." 2022 WL 2985637, at *4.

Accordingly, viewing the Complaint in the light most favorable to Plaintiff, Plaintiff has standing to pursue the bad faith claim and Defendants' Motion to Dismiss as to this Count is denied.

### C. Plaintiff's Negligence Claim against Defendant April Grant (Count III) Is Barred

Defendants argue that the negligence claim against Defendant Grant should be dismissed under the "gist of the action doctrine" and under the principles that an independent adjuster does not owe a duty of care to an insured and Plaintiff may recover by suing the insurer. ECF No. 15-2 at 8. Plaintiff does not specifically respond to these arguments, but simply responds by arguing "Count III incorporates all prior statements, and should not be dismissed as it alleges negligent handling as well as bad faith at common law." ECF No. 16 at 11.

The gist of the action doctrine is used to "ensure that a party does not bring a tort claim for what is, in actuality, a claim for a breach of contract." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 60 (Pa.

2014). However, "merely because a cause of action between two parties to a contract is based on the actions of the defendant undertaken while performing his contractual duties, this fact, alone, does not automatically characterize the action as one for breach of contract." *Id.* at 63. The nature of the duty allegedly breached set forth in the complaint is determinative as to whether the claim is one in tort or contract. *Id.* at 68. The claim is considered a breach of contract if the "duty breached is one created by the parties" such that the defendant would not have been normally obligated but for the contract. *Id.* Conversely, the claim is considered a tort if the duty existed even in the absence of the contract as a "broader social duty owed to all individuals." *Id.*

Thus, the Court must consider the nature of the duty owed by Defendant Grant, an insurance adjuster, to Plaintiff. *See* ECF No. 1 Exhibit F.[3] In the Complaint, Plaintiff avers that Defendant Grant "had a legal duty to the Homeowners to promptly and in good faith investigate, adjust, and pay the claim of the Insured Homeowner." ECF No. 1, Exhibit B ¶ 45. The homeowners, the Insured, assigned their rights to the Plaintiff and therefore, Defendant owed the duty to Plaintiff. *Id.* ¶¶ 46–47. Plaintiff states that Defendant Grant breached her duty by failing to investigate the claim and properly adjust the claim and failed to place communications including denials and reasoning in writing. *Id.* ¶¶ 48–49. Therefore, Plaintiff merely alleges that Defendant Grant breached her duty under the insurance policy, a contract; there are not allegations that Defendant Grant breached some broader social duty owed to all individuals. Accordingly,

---

[3] Exhibit F is a Declaration of Defendant Grant which states she is not an employee of Defendant State Farm and is an independent contractor with Renfroe. Renfroe provides claim adjustment and claim intake services. Plaintiff's Complaint states that Defendant Grant is an employee of Defendant State Farm, however, given Defendant Grant's declaration and representations made by Defendants in their filings, this Court finds that she is an insurance adjuster.

Plaintiff's claim of negligence is in fact a breach of contract claim, and it is therefore barred under the gist of the action doctrine.

Moreover, numerous district courts in Pennsylvania have found that insurance adjusters do not owe a duty to the insured. *See, e.g.*, *DeAngelis v. Encompass Home & Auto Ins. Co.*, No. 21-2577, 2022 WL 118222, at *3–4 (E.D. Pa. Jan. 12, 2022); *Tippett v. Ameriprise Ins. Co.*, No. 14-4710, 2015 WL 1345442, at *5 (E.D. Pa. Mar. 25, 2015). These district courts have reasoned that "insureds may recover for an adjuster's torts by bringing breach of contract and bad faith claims against their insurers" and that imposing a duty on the appraiser "would allow for potential double recovery from both insurer and adjuster for the same conduct." *DeAngelis*, 2022 WL 118222, at *3 (citations and internal quotations omitted). Additionally, "imposing a duty on the adjuster to the insured could create an irreconcilable conflict between such duty and the adjuster's contractual duty to follow the instruction of its client, the insurer." *Id.* (citing *Tippett*, 2015 WL 1345442, at *5) (additional citations and internal quotations omitted). While the Pennsylvania Supreme Court has not spoken on this issue, "'it is unlikely that the [court] would impose a duty of care on adjusters to insureds.'" *Id.* (quoting *Penn-Dion Corp. v. Great Am. Ins. Co. of New York*, No. 17-4634, 2019 WL 400543, at *16 (E.D. Pa. Jan. 31, 2019)). This Court will follow the logic of our fellow district courts and hold that an insurance adjuster does not owe a duty to the insured. Accordingly, this Count will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendants' Motion to Dismiss and/or Strike Plaintiff's Complaint (ECF No. 15). Counts I and III of the Complaint will be dismissed with prejudice. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**